Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00235 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B-390-26<br><br>Sobre:<br>Muestras de Laboratorios |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2026.

Comparece ante nos, por derecho propio y en forma *pauperis* el señor Eliezer Santana Báez ("señor Santana Báez" o "Recurrente"), quien es miembro de la población correccional, mediante recurso intitulado *Revisión Judicial Administrativa* presentado el 7 de mayo de 2026. Nos solicita la revocación de la *Resolución* emitida el 6 de abril de 2026, notificada 20 de abril de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico ("Departamento de Corrección" o "agencia"). Por virtud del referido dictamen, la agencia resolvió que la solicitud radicada por el Recurrente carece de méritos, por lo que, no justifica la concesión de un remedio.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

### I.

Surge del expediente ante nos que, el 24 de febrero de 2026, el señor Santana Báez presentó *Solicitud de Remedio*

*Administrativo* ante la agencia recurrida.[1] En síntesis, relató que experimentó mofas por parte de sus compañeros confinados, por portar frente a ellos ciertas muestras urinarias y material fecal correspondientes a unos laboratorios médicos. Según indicó en su escrito, tal situación ocurrió porque el personal de enfermería no pasó a recoger dichas muestras, lo cual le colocó en la necesidad de tener que llevarlas personalmente al área de médica.

Evaluada su petición, el 3 de marzo de 2026, el Departamento de Corrección emitió *Respuesta al Miembro de la Población Correccional* ("*Respuesta*"), notificada 10 de marzo de 2026.[2] Mediante este dictamen, resolvió que la solicitud radicada por el Recurrente carece de méritos, por lo que, no justifica la concesión de un remedio.

En desacuerdo, el señor Santana Báez radicó *Solicitud de Reconsideración* el 11 de marzo de 2026, por considerar que la División de Remedios Administrativos erró al no atender su solicitud.[3] Tras revisar su escrito, la agencia dictó *Resolución* el 6 de abril de 2026, notificada el 20 de abril de 2026, mediante la cual confirmó y amplió la *Respuesta* emitida por la evaluadora.[4] En lo pertinente, formuló las siguientes determinaciones de hechos:

1. El recurrente presentó Solicitud de Remedios Administrativos el 3 de marzo de 2026 ante la Evaluadora de Remedios Administrativos, Maribel García Charriez de la Oficina de Bayamón. En su escrito describe que tuvo que esperar que recogieran a los confinados de los demás módulos para poder llevar la muestra de excremento al área médica para análisis del laboratorio.

2. Se realiza respuesta al miembro de la población correccional por parte de la Sra. Maribel García Charriez, Evaluadora de Remedios Administrativos Oficina de Bayamón el 3 de marzo de 2026.

3. Se le entrega respuesta al recurrente el 10 de marzo de 2026.

4. El 13 de marzo de 2026, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de

---

[1] *Véase*, SUMAC TPI, Entrada 1, Anejo 2, pág. 2.
[2] *Véase*, SUMAC TPI, Entrada 1, Anejo 2, pág. 1.
[3] *Véase*, SUMAC TPI, Entrada 1, Anejo 2, pág. 3.
[4] *Véase*, SUMAC TPI, Entrada 1, Anejo 1.

Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

5. Se acoge petición de reconsideración el 27 de marzo de 2026.[5]

De conformidad con lo anterior, dispuso que no tiene autoridad para atender solicitudes sobre remedios fútiles o insustanciales, que no conlleven remediar la situación del confinamiento, según lo establece la Sección 5(j) de la Regla XIII del Reglamento Núm. 8583, *supra*.

Inconforme, el 7 de mayo de 2026, el señor Santana Báez recurrió ante este Tribunal de Apelaciones mediante escrito intitulado *Revisión Judicial Administrativa*. En esencia, presentó el siguiente señalamiento de error:

> Erró el DCR al no cumplir con las disposiciones reglamentarias de su propio reglamento, al realizar determinaciones de derecho, las que deben ser dispositivas, al no investigar y usar teorías mentales de la propia coordinadora como fundamentos nacidos de hallazgos de investigación de la agencia cuando nada de lo arribado se justifica con evidencia habida en el récord.

Luego de evaluar su recurso, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.

### A. *Estándar de revisión de dictámenes administrativos*

En nuestro ordenamiento jurídico, las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión judicial por el Tribunal de Apelaciones. Artículo 4.006(c), Ley de la Judicatura de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24(y), según enmendada. Véanse, además, *Vur-Jer, LLC. v. Junta Reglamentadora de Cannabis*

---

[5] *Véase*, SUMAC TPI, Entrada 1, Anejo 1, pág. 2.

*Medicinal,* 2026 TSPR 46, 218 DPR ___ (2026); *AAA v. UIA,* 200 DPR 903, 910 (2018). En la revisión de tales dictámenes, los tribunales revisores apelativos estamos llamados a conceder amplia deferencia a las decisiones de las agencias administrativas. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024); *OCS v. Point Guard Ins.,* 205 DPR 1005, 1026 (2020). Ello, pues, las determinaciones provenientes de las agencias gozan de la experiencia y el conocimiento especializado sobre los asuntos ante su consideración. *OEG v. Martínez Giraud,* 210 DPR 79, 88 (2022); *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020).

Por consiguiente, respecto a las determinaciones de hechos, los tribunales apelativos no intervendremos en estas, siempre y cuando surja del expediente administrativo evidencia sustancial que las respalda. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). En ese aspecto, la evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. Planificación et al., supra,* 591.

No obstante, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos". *Vázquez et al. v. DACo,* 2025 TSPR 56, 215 DPR ___ (2025). Así, pues, la normativa imperante reconoce que, cuando de conclusiones de derecho se trata, tenemos amplia facultad de revisarlas completa y absolutamente. 3 LPRA sec. 9675. Véase, también, *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012). Lo anterior, sin embargo, "no equivale a la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 591 (2020); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).

Ahora bien, la deferencia a las determinaciones agenciales no es infinita. No podemos imprimir un sello de corrección a las determinaciones o las interpretaciones administrativa irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Nuestra deferencia cede cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743, 754-755 (2024); *Super Asphalt v. AFI y otro, supra*, pág. 819. No obstante, la determinación de una agencia merece deferencia sustancial aun cuando su interpretación no sea la única razonable. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011). Solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo, supra*, pág. 754*; Capó Cruz v. Jta. de Planificación et al.*, *supra*, pág. 591.

### B. *Presentación de solicitud ante la División de remedios administrativos del Departamento de Corrección*

La Constitución de Puerto Rico reconoce como política pública la reglamentación de las instituciones penales para propender de forma efectiva al tratamiento de la población correccional, así como a su rehabilitación moral y social. Art. VI, Sección 19, Const. ELA, LPRA Tomo I.  En virtud de este mandato constitucional, el Artículo 2 del Plan de Reorganización del Departamento de Corrección, Ley Núm. 2-2011, según enmendado, 3 LPRA, Ap. XVIII, Art. 2, preceptúa "la creación de un sistema integrado de seguridad y administración correccional en

donde las funciones y los deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad".

En consonancia con lo anterior, el Departamento de Corrección adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015 ("Reglamento Núm. 8583"). Este cuerpo normativo instaura la División de Remedios Administrativos para la atención de las quejas y los agravios de la población correccional.

En lo pertinente al recurso de epígrafe, la División de Remedios goza de jurisdicción para atender toda solicitud radicada por el miembro de la población presentada de conformidad con la Regla IV, inciso (24) del Reglamento Núm. 8583, *supra*:

> **Solicitud de Remedio — Recurso que presenta un miembro de la población correccional por escrito, de una situación que afecte su calidad de vida y seguridad, relacionado con su confinamiento.** (Énfasis nuestro).

En armonía con lo anterior, la Regla VI(1)(a) del Reglamento Núm. 8583, *supra*, establece que la División de Remedios tiene autoridad para evaluar aquellas solicitudes que presenten los siguientes componentes:

> **Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional**. (Énfasis nuestro).

En vista de ello, el miembro de la población correccional deberá radicar su petición en cumplimiento de los componentes dispuestos en los incisos (1) y (2) de la Regla VII del precitado reglamento:

> 1. **Será responsabilidad del miembro población correccional presentar las Solicitudes de Remedios en forma clara, concisa y honesta**, **estableciendo las fechas y nombres de las personas involucradas en el incidente. Igualmente ofrecerá toda información necesaria para dilucidar su reclamo efectivamente.**
> 2. **El miembro de la población correccional tendrá la responsabilidad de presentar las solicitudes de remedios de buena fe, según su mejor conocimiento**

**y utilizando lenguaje adecuado**. Regla VII(1) y (2), Reglamento Núm. 8583, *supra.* (Énfasis nuestro).

De no acatarse tales consideraciones, la División de Remedios estará privada de jurisdicción. Sobre este particular, el inciso (5)(g) de la Regla XIII del aducido texto reglamentario dispone que el Evaluador de la División de Remedios tendrá autoridad para ordenar la desestimación "**[c]uando el miembro de la población correccional emita opiniones o solicite información en su solicitud que no conlleve remediar una situación de su confinamiento**". (Énfasis nuestro). **Igualmente, goza de autoridad para desestimar aquella solicitud de remedios fútiles o insustanciales que no conlleven remediar una situación**, a tenor con el inciso (5)(j) del Reglamento Núm. 8583, *supra.*

### III.

Luego de examinar detenidamente el expediente ante nuestra consideración, resolvemos que la determinación administrativa recurrida merece nuestra deferencia. Adelantamos que, el señor Santana Báez no radicó una solicitud ante la agencia que amerite la concesión de un remedio. Por consiguiente, nos compete sostener la decisión impugnada, pues es consistente con los parámetros reglamentarios discutidos en acápite anterior. Veamos.

Surge del expediente ante nos que, la División de Remedios Administrativos estableció en la *Resolución* impugnada que no goza de autoridad para atender peticiones sobre remedios fútiles o insustanciales. Este pronunciamiento responde al hecho de que la *Solicitud de Remedio Administrativo* sometida por el Recurrente está fundamentada exclusivamente en sus opiniones e impresiones sobre el suceso alegado en su escrito. Asimismo, constatamos que, en dicha solicitud, este no alega la suscitación de incidentes

específicos que motiven remediar una situación particular, pues no brinda información específica, clara y concisa sobre la ocurrencia de algún acto o incidente que afecte su calidad de vida o seguridad. De igual manera, tampoco provee alegaciones detalladas sobre las personas involucradas en el supuesto incidente que experimentó, ni menciona las fechas atinentes a la suscitación del evento, de conformidad a los incisos (1) y (2) de la Regla VII del Reglamento Núm. 8583, *supra.*

En virtud de lo anterior, reiteramos que el Departamento de Corrección actuó correctamente al desestimar su solicitud, toda vez que constituye una petición insustancial, que no conlleva remediar una situación particular. Véase, Regla XIII, incisos (5)(g) y (f), Reglamento Núm. 8583, *supra.* Por consiguiente, no identificamos espacio para sustituir el criterio adoptado por el organismo administrativo. En vista de ello, confirmamos la *Resolución* recurrida, toda vez que no refleja una actuación arbitraria, irrazonable o ilegal por parte de la agencia.

**IV.**

Por los fundamentos que anteceden, ***confirmamos*** la *Resolución* notificada 20 de abril de 2026, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones